UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

LISA F. DESMOND, individually,

    Plaintiff,

v.

REDLINE RECOVERY SERVICES, LLC,
a foreign limited liability company,

    Defendant.
_____/

### COMPLAINT FOR VIOLATIONS OF 15 U.S.C. § 1692 *et seq.*, THE FAIR DEBT COLLECTION PRACTICES ACT
### JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Simply put, in its telephonic efforts to collect a consumer debt from Plaintiff, Defendant failed to disclose its identity as a debt collector.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k. Venue in this District is proper because Plaintiff resides here and Defendant does business in this District.

### PARTIES

3. Plaintiff, LISA F. DESMOND, is a natural person, and a citizen of the State of Florida, residing in Indian River County, Florida.

4. Defendant, REDLINE RECOVERY SERVICES, LLC, is a foreign limited liability company, which operates from offices located at 95 John Muir Drive, Amherst, New York 14228.

5. Defendant regularly uses the telephone in a business, the principal purpose of which is the collection of consumer debts.

6. Defendant operates a website which states: *[w]e are a full service accounts receivable management company specializing in collection and recovery solutions across all industries*. Source: http://www.rrs-llc.com/

7. According to the website of the Florida Office of Financial Regulation, Defendant is registered in the State of Florida as a "Consumer Collection Agency"; the term *consumer collection agency* "means any debt collector or business entity engaged in the business of soliciting consumer debts for collection or of collecting consumer debts, which debt collector or business is not expressly exempted as set forth in s. 559.553(4)." Fla. Stat. § 559.55(7).

8. At all times material to the allegations of this complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

9.   With respect to the "Congressional findings and declaration of purpose" portion of the FDCPA, The United States Congress has declared at 15 U.S.C. § 1692:

> *(a) Abusive practices*
> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
>
> *(b) Inadequacy of laws*
> Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

## FACTUAL ALLEGATIONS

10.   Defendant, on behalf "American Express", sought to collect an alleged consumer debt from Plaintiff of approximately $1,000.00 dollars.

11.   The alleged debt sought by Defendant was for a (defaulted upon) credit card account, which was used by Plaintiff to purchase consumer goods, such as: food, clothing, and travel-related expenses.

12.   Over the past year, Defendant called Plaintiff on multiple occasions in an effort to collect the aforementioned debt.

13.   On several occasions, an employee of Defendant (using the name "Charles Boyd") left voicemail messages for Plaintiff requesting a return phone call.

14. The telephone messages at issue are "communications" as defined by 15 U.S.C. § 1692a(2). See *Berg v. Merchs. Ass'n Collection Div.*, Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

15. The voicemail messages failed to properly disclose that Defendant is a debt collector in violation of [15 U.S.C § 1692e(11)](). *Foti v. NCO Financial Systems, Inc.*, 424 F.Supp.2d 643 (S.D.N.Y. 2006); *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M.D. Fla. 2006); *Leyse v. Corporate Collection Servs.*, 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

16. The FDCPA has been construed by Federal Courts as a strict liability statute that is to be construed liberally so as to effectuate its remedial purpose. See generally, *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. March 30, 2010); *Russell v. Equifax A.R.S.,* 74 F.3d 30, 33 (2d Cir. 1996).

17. Federal Courts have held that the failure to properly identify oneself as a debt collector in a voicemail message left on an answering machine or state that a voicemail message was left as an attempt to collect a debt constituted a valid claim under the FDCPA. *Anchondo v. Anderson, Crenshaw & Associates, LLC,* 583 F.Supp.2d 1278 (D. New Mexico 2008); *Edwards v. Niagara Credit Solutions, Inc.*, 2009 U.S. App. LEXIS 22500 (11th Cir. 2009).

**COUNT I**
**FAILURE TO DISCLOSE STATUS AS A DEBT COLLECTOR**

17.   Plaintiff incorporates Paragraphs 1 through 16.

18.   Defendant's voicemail messages failed to disclose to Plaintiff that it was a debt collector in violation of [15 U.S.C § 1692e(11)](). See *Chalik v. Westport Recovery Corp.*, 677 F.Supp.2d 1322 (S.D. Fla. October 30, 2009) (holding that debt collectors leaving voicemail messages requesting a return phone call on a consumer debt are subject to the requirements of [15 U.S.C § 1692e(11)]())

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.   Damages;

b.   Attorney's fees, litigation expenses and costs of the instant suit; and

c.   Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 26th day of August, 2011.

SCOTT D. OWENS, ESQ.
*Attorney for Plaintiff Lisa F. Desmond*
2000 E. Oakland Park Blvd., Suite 106
Ft. Lauderdale, FL 33306
Telephone:  954-306-8104

Facsimile:  954-337-0666
scott@scottdowens.com


By:/s/ *Scott D. Owens*
Scott D. Owens, Esq.
Florida Bar No. 0597651